People v 179 Highland Realty LLC (2024 NY Slip Op 51052(U))

[*1]

People v 179 Highland Realty LLC

2024 NY Slip Op 51052(U)

Decided on August 8, 2024

Justice Court Of The Town Of Ossining, Westchester County

Gasbarro, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 8, 2024
Justice Court of the Town of Ossining, Westchester County

The People of the State of New York,

against
179 Highland Realty LLC, Defendant.

Case No. 23080459

For the People: Sonia M. Tanksley, Esq., Deputy Corporation Counsel for the Village of Ossining
For the Defendant: Frank T. D'Onofrio Jr., Esq.

Jeffrey W. Gasbarro, J.

For the reasons that follow, the count charging a violation of Ossining Village Code § 270.29(f) is dismissed.
FACTUAL & PROCEDURAL HISTORY
The Village of Ossining commenced this code violation action by the filing of a three-count accusatory instrument. Two of those counts have been withdrawn and the sole remaining count is an alleged violation of section 270.29(f) of the Ossining Village Code. That section provides:
Sign permits.
(1) No sign other than a professional sign, announcement or real estate sign, but including temporary signs for promotional use, shall be erected, moved, enlarged, altered or reconstructed without first obtaining a sign permit from the Building Inspector.
(2) A permit for a temporary sign for promotional use shall not be issued more than twice within a twelve-month period per establishment.
(Ossining Village Code § 270.29[f]).
As to this Count, the accusatory instrument in this case alleges the following facts:
At the above place and [sic] I observed that the sign for 179 North Highland was altered without obtaining a sign permit from the Village of Ossining Building Department which is in violation of section 270.29(F) of the Village of Ossining in Code. I have checked all building records and have not found any permits on file for this sign permit.
(Accusatory at page 1). Elsewhere in the accusatory instrument, in allegations pertaining to counts that have now been withdrawn, there are allegations that a new business "Eurobahn Collision" is being operated where "Martone Auto Collision" was formerly located.
Defendant moves to dismiss, arguing that its tenant changed the name of the business and [*2]additionally changed the name on the sign in the front of the property, and that the sign has not been enlarged or otherwise physically altered so as to constitute a violation of the subject code section.
In opposition, the Village argues "[t]here are no exceptions for name changes on the sign as opposed to physical changes to the sign itself" (Affirmation in opposition at p. 2). The Village cites, inter alia, to the definition of "alter" within its zoning code, which is defined as: "To change, enlarge or rearrange the structural parts of an existing building or structure or to move a building from one location or position to another." (Village of Ossining Code § 270-4[A] [definition of alter]). The Village also cites to the definition of the word "sign," which means, in relevant part:
Any structure, or part thereof or any device attached to a building or painted or represented thereon or displayed in a window, which shall display or include any letter, word, model, banner, pennant, insignia, device, trade flag or representation which is in the nature of or which is used as an announcement, direction or advertisement for commercial purposes or otherwise.
(Village of Ossining Code § 170-4[A] [definition of sign]). Relying on these sections, the Village argues that "by altering the letter and words on the sign," Defendant has performed "an alteration that required a permit from the Village's Building Department" (Affirmation in opposition at p. 3).
In reply, Defendant argues, inter alia, that there was no physical or structural change of the subject sign so as to constitute an alteration, within the meaning of the code.
DISCUSSION
The issue before the Court is whether a person "alters" a sign within the meaning of Ossining Village Code § 270.29(f) by changing the name of a business on an existing sign, which neither enlarges or diminishes the existing physical structure of the sign.
This case is extremely simple and the Court need look no further than the definition of "alter" in the Village's code. To alter means "[t]o change, enlarge or rearrange the structural parts of an existing . . . structure" (Village of Ossining Code § 270-4[A] [definition of alter] [emphasis added]). The mere change of a name on an existing sign is not a "structural" change. It may be more like an aesthetic change, which is non-structural in nature.[FN1]
Because code violation cases are criminal in nature, the Court construes all ambiguities in the subject code provision in favor of the Defendant.
Accordingly, it is ORDERED the sole remaining count alleging a violation of Ossining Village Code § 270.29(f) is dismissed.
This constitutes the decision and order of the Court.
Dated: August 8, 2024
Ossining, New York
HON. JEFFREY W. GASBARRO
TOWN JUSTICE

Footnotes

Footnote 1:The Court finds another definition in the Village's code to be instructive. The code defines the phrase "structural alteration" to mean "[a]ny change in the supporting members of a building, such as beams, columns or girders" (Village of Ossining Code § 270-4[A] [definition of structural alteration]).